UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STANLEY as
Personal Representative of the
Estate of Martha Stanley, *Deceased*,

    Plaintiff,

v.

WAYNE COUNTY, TERRY GRAHAM,
ERNESTINE THOMAS, DEPUTY WELCH,
DEPUTY CABLE, DEPUTY KONEGE,
SGT. CHASE, and CPL TAYLOR,

    Defendants.
_____/

Civil Case No. 18-12185
Honorable Linda V. Parker

## **OPINION AND ORDER (i) ADOPTING MAGISTRATE JUDGE'S MAY 6, 2021 REPORT AND RECOMMENDATION, (ii) DENYING AS MOOT PLAINTIFF'S MOTION TO ADOPT; AND (iii) SCHEDULING DAMAGES HEARING**

This lawsuit arises from Martha Stanley's death while incarcerated in the Wayne County Jail. Plaintiff commenced the action against Defendants on July 12, 2018. On March 26, 2021, Plaintiff filed a motion seeking a default judgment against Defendants as a discovery sanction under Federal Rule of Civil Procedure Rule 37 and/or for failure to respond to Plaintiff's Complaint and/or Amended Complaint pursuant to Rule 55. (ECF No. 54.) This Court referred Plaintiff's motion to Magistrate Judge Anthony P. Patti for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On May 6, 2021, Magistrate Judge Patti issued a report and recommendation ("R&R") recommending that the Court grant Plaintiff's motion and notice a hearing for Plaintiff to put forth evidentiary proof of damages. (ECF No. 59.) At the conclusion of the R&R, Magistrate Judge Patti advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 673-74.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*) Neither party filed objections to the R&R. Plaintiff did file an unnecessary "Motion to Adopt Magistrate's Report and Recommendation on Plaintiff's Motion for Sanctions and Entry of Default."[1] (ECF No. 60.)

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Patti. The Court therefore adopts the R&R.

Accordingly,

---

[1] Plaintiff's counsel should take note that since 1991, the proper term is "magistrate judge" not "magistrate." *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."); *see also* Ruth Dapper, A Judge by Any Other Name? Mistitling of the United States Magistrate Judge, 9 Fed. Courts L. Rev. 1, 5-6 (2015). Thus, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the type of judge to which one is referring. Referring to a magistrate judge as "magistrate" is the equivalent of calling a district judge "district," a bankruptcy judge "bankruptcy," a circuit judge "circuit," or perhaps just as inappropriately, a lieutenant colonel "lieutenant." The correct salutation is either "Magistrate Judge" or simply "Judge."

**IT IS ORDERED** that Plaintiff's motion for sanctions and for default judgment (ECF No. 54) is **GRANTED**;

**IT IS FURTHER ORDERED** that a virtual evidentiary hearing via Zoom on the issue of damages is scheduled for **July 21, 2021** at **12:00 p.m**. before the undersigned. A notice of hearing will be filed separately.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 28, 2021